# Exhibit A

# State Court Complaint

Erin M Lahey (SBN 263810)
Karen-Denise Lee (SBN 131318)
**DENENBERG TUFFLEY, PLLC**
10940 Wilshire Boulevard, Suite 700
Los Angeles, CA  90024
Telephone:  (310) 356-4683
Facsimile:   (310) 284-9089
Email:    elahey@dt-law.com
              klee@dt-law.com

Attorneys for Plaintiff
MARKEL INSURANCE COMPANY as subrogee
of the Lyall Investments, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/06/2025 2:07 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Gallegos, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MARKEL  INSURANCE COMPANY, as subrogee of the Lyall Investments, LLC,<br><br>            Plaintiff,<br>    v.<br><br>GENERAL ELECTRIC COMPANY; GE APPLIANCES, A HAIER COMPANY; and DOES 1 through 20, inclusive.<br><br>            Defendants. | Case No.:  25NNCV03906<br><br>**COMPLAINT IN SUBROGATION FOR:**<br><br>    1.  Negligence<br>    2.  Breach of Warranty<br><br>and  DEMAND  FOR  JURY TRIAL |

Plaintiff MARKEL INSURANCE COMPANY, as subrogee of the Lyall Investments, LLC  alleges as follows:

**PARTIES**

1.   At all times relevant herein, Plaintiff Markel Insurance Company (hereinafter "Plaintiff") was, and is, an insurance company authorized to and doing business in the State of California, County of Los Angeles.

2.   At all times relevant herein, Defendant General Electric (hereinafter "GE"), was, and is a New York corporation authorized to and doing business in the State of

1
COMPLAINT and DEMAND FOR JURY TRIAL

California, County of Los Angeles.

3. At all times relevant herein, Defendant GE Appliances, A Haier Company (hereinafter "Haier"), was, and is a Kentucky corporation authorized to and doing business in the State of California, County of Los Angeles.

4. At all times relevant herein, Lyall Investment, LLC ("the Insured") was the owner of certain fine arts and musical instruments which were located at a residence (owned by Cara Delevigne) located at 3265 Oakdale Lane in Studio City, California ("the Property"). At all times relevant herein, the Insured was insured under a policy of insurance issued by Plaintiff.

5. Pursuant to a policy of insurance, Plaintiff compensated its Insured for the loss giving rise to this complaint and Plaintiff asserts its subrogation rights in the name of the Insured through these proceedings. Those subrogation rights are involved because the Insured suffered a loss for which Defendants are liable; the Plaintiff has provided compensation for the loss via their policy of insurance; the Insured's causes of action that exist against Defendants are now those of Plaintiff; the Plaintiff suffered damages chargeable to the Defendants and the law requires it to be so charged.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues those Defendants by fictitious names. The facts linking such fictitiously named Defendants to the claims asserted in this Complaint is currently unknown to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is in some manner or capacity responsible for the acts alleged herein. Plaintiff will amend this Complaint to specifically identify such persons when their identity and facts linking them to the asserted claims has been ascertained.

7. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each Defendant, whether named or unnamed, was the agent, servant and employee of the other Defendant, and each of them, whether named or unnamed, and in committing the acts and/or omissions herein mentioned was acting in the course and scope of said agency, servitude and employment,

8. At all times mentioned herein, each Defendant, whether named or unnamed, was chargeable with and bound by the knowledge and information received by, and on behalf of, each other Defendant. Plaintiff is further informed and believes, and thereon alleges, that, at all times relevant herein, all the acts of the Defendants, whether named or unnamed, and each of them, were ratified and adopted by the acts of their co-Defendants, whether named or unnamed, and each of them.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action because the incident and transactions relevant to this litigation occurred in the County of Los Angeles, State of California and the amount at issue exceeds the jurisdictional minimum of this Court.

10. Venue is proper in this Court pursuant to California Code of Civil Procedure §395 because the incident that gives rise to this litigation took place in the City of Los Angeles, County of Los Angeles, State of California.

## FACTUAL ALLEGATIONS

11. This lawsuit seeks redress for damages to Plaintiff's insured's fine arts and instruments as a result of a fire that occurred at the Property on or about March 14, 2024.

12. At all times herein mentioned, the Insurer Plaintiff insured the insured's fine arts and musical instruments under a written policy of insurance by the terms of which

Plaintiff is obligated to indemnify the Insured for losses sustained at the Property.

13. Defendants GE and Haier and Does 1-20 were engaged in the business of designing, manufacturing and assembling Coolers for sale to and use by members of the general public, and as part of its business, defendants GE and Haier and Does 1-20 designed, manufactured, and assembled the specific Cooler hereinafter referred to.

14. Defendants at all times mentioned herein and Does 1-20 were engaged in the business of selling at retail to members of the general public in the City of Los Angeles, County of Los Angeles, State of California, the hereinabove described Cooler.

15. At all times mentioned herein, defendants, and each of them, knew and intended that the Cooler would be purchased by members of the general public and used by said purchasers and others without inspection for defects.

16. Prior to March 14, 2024, Delevingne purchased the aforementioned Cooler from unknown retailer at its regular place of business hereinafter alleged and installed it at the Property.

17. The Cooler was, at the time that it was purchased, defective and unsafe for its intended purpose in that said Cooler caught fire, causing damage and destruction to the Property – including Plaintiff's insureds fine arts and musical instruments located inside the residence.

18. Said Cooler had been used on the Property for purposes of storing wine. On or about March 14, 2024 the Cooler the cooler erupted into flames completely destroying the residence and plaintiff's insured's fine arts and musical instruments.

///

19. As a direct and proximate result of the defects in the Cooler, which caught fire, as herein alleged, plaintiff's insured sustained damage its musical instruments and fine

arts in the amount of $1,272,222.

20. Pursuant to the terms of the aforementioned fine arts policy of insurance and California State law, Plaintiff thereby became subrogated to all of the rights of, entitled to enforce all of the remedies of said insureds against defendants, and each of them.

**FIRST CAUSE OF ACTION – NEGLIGENCE**
**(Against All Defendants and DOES 1-20)**

21. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 20 as if fully stated herein.

22. Plaintiff is informed and believes, and based thereon alleges that, defendants, and each of them, were the manufacturers, designers, assemblers, distributors, sellers and advertisers of the Cooler and all its component parts, and knew, or should have known, that said Cooler was to be used by the general public.

23. Plaintiff is informed and believes, and based thereon alleges, that the defendants, and each of them, negligently, carelessly, tortiously and wrongfully failed to use reasonable care in the design, manufacture, assembly, distribution, sale and advertising of said Cooler.

24. Plaintiff is informed and believes, and based thereon alleges, that the defendants, and each of them, knew or should have known that the Cooler and its component parts were not adequately designed, manufactured, assembled, distributed and sold to the general public and that the users would be substantially damaged thereby.

25. Defendants herein were under a duty to exercise ordinary care as the manufacturer, designer, distributor, marketer, wholesaler, retailer and advertiser of the Cooler to avoid reasonably foreseeable injury to users, purchasers and others of the Cooler.

26. Defendants, and each of them, knew or should have foreseen with reasonable

certainty that purchasers, users and others would suffer monetary and other damages if the defendants, and each of them, failed to perform their duties to cause the Cooler to be completed in a proper and workmanlike manner and fashion.

27. As a direct and proximate result of the foregoing negligence, carelessness and unworkmanlike conduct, action and/or omission by defendants, and each of them, Plaintiff has now paid to its insured/s, Delevingne the sum of $1,272,222 for the damages that they suffered and which were covered under the policy issued by Plaintiff.

28. As a direct and proximate result of the payment by Plaintiff to Insured, Plaintiff became subrogated to their rights against defendants, and each of them.

## SECOND CAUSE OF ACTION – BREACH OF WARRANTY
### (Against All Defendants and DOES 1-20)

29. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 28 as if fully stated herein.

30. In connection with the manufacture, sale, supply, delivery, handling and use of the products previously referred to, Defendants expressly and/or impliedly warranted that said products and merchandise were merchantable and of good quality. Said representations were, in fact, untrue, in that said products and merchandise failed to operate properly, failed to operate as promised both expressly and by implication, and failed to operate in a manner that would reasonably be expected by a reasonable consumer, and said failures caused damage to State Farm's insured. Defendants were, or should have been, fully knowledgeable as to the dangers and defects surrounding the sale, supply, delivery and use of said products and merchandise, and their suitability for the purposes and uses for which they were intended.

31. In connection with the manufacture, sale, supply, delivery, testing, handling

and use of the products and merchandise previously described, Defendants expressly and/or impliedly warranted, through advertising claims and/or product labels that said products and merchandise were suitable for the uses and purposes for which they were intended. Plaintiff's insured relied upon said representations, which were in fact false and untrue, in that, exposure to and use of the products and merchandise previously referred to did, in fact, cause serious damage to Plaintiff's insured's fine arts and musical instruments.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Markel Insurance Company prays for judgment against Defendants, and DOES 1-20, and each of them, as set forth below:

1. For compensatory damages of $1,272,222 and any other amount as according to proof;

2. For costs and expenses as permitted by law;

3. For prejudgment and post-judgment interest as permitted by law; and

4. For other further relief as deemed just and proper by the court under all of the circumstances.

DATED: June 6, 2025                           **DENENBERG TUFFLEY PLLC**

By: *Karen-Denise Lee*
Erin M. Lahey
Karen-Denise Lee
Attorneys for Plaintiff
MARKEL INSURANCE COMPANY
as subrogee of the Lyall Investments, LLC

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARKEL INSURANCE COMPANY as subrogee of Lyall Investments, LLC demands a trial by jury on all issues triable by a jury in the above-entitled action

DATED: June 6, 2025               **DENENBERG TUFFLEY PLLC**

                                  By: *Karen-Denise Lee*
                                  Erin M. Lahey
                                  Karen-Denise Lee
                                  Attorneys for Plaintiff
                                  MARKEL INSURANCE COMPANY